## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**In re MELISSA EVELYN LOWE**
**a/k/a MELISSA EVELYN FRANSON**

       **Debtor.**                              **Bankr. Case No.: 8:14-bk-10768-MGW**

_____/

**ANGELA STATHOPOULOS as Chapter 7**
**Trustee of the estate of MELISSA EVELYN LOWE**
**a/k/a MELISSA EVELYN FRANSON**

       **Plaintiff,**

                                   **Case No. 8:15-mc-108-T-EAK**

**vs.**

                                   **Adv. Pro.: 8:15-ap-576-MGW**

**SPECIALIZED LOAN SERVICING LLC,**

       **Defendant.**

_____/

### ORDER

    **BEFORE THE COURT** is Defendant's Motion to Withdraw the Reference (Dkt. 1), and

Plaintiff's response (Dkt. 3).  Upon consideration, the motion is DENIED.

## I.    BACKGROUND

    Debtor, Melissa Evelyn Lowe a/k/a Melissa Evelyn Franson. filed  a voluntary petition for

relief under  Chapter 7 of Title 11 of the United States Code on September 15, 2014. Trustee Angela

Stathopoulos filed an adversary action against Specialized Loan Serving LLC ("Specialized") for

alleged violation of  47 U.S.C. § 227 and Florida Statutes sections 559.55. Specialized requests that

reference to the bankruptcy court be withdrawn on that adversary action.

## II.      STANDARD

While district courts have original jurisdiction over bankruptcy cases, the Middle District of Florida has adopted a standing order referring these cases to bankruptcy courts.  28 U.S.C. § 157(a); 28 U.S.C. § 1334(b).  Under 28 U.S.C. §157(d), a "district court may withdraw [an adversary proceeding] . . . for cause shown." In determining whether cause exists, factors to consider include (1) "advancing uniformity in bankruptcy administration," (2) "decreasing forum shopping and confusion," (3) "promoting the economical use of the parties' resources," and (4) "facilitating the bankruptcy process." *In re Simmons*, 200 F.3d 738, 742 (11th Cir. 2000).  Also, "[o]ther courts have considered additional factors including: (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay." *In re Hvide Marine Inc.*, 248 B.R. 841, 844 (M.D. Fla. 2000) (Lazzara, J.) (quotation marks omitted).

## III.     DISCUSSION

Specialized argues that its right to a jury trial, preserving judicial economy, and promoting the economical use of the parties' resources support withdrawing reference.  At this time, they do not.

Although they  may be entitled to a trial in the district court, "it does not follow that the case must immediately be withdrawn from the bankruptcy court."  *In re Stone*, No. 8:10-cv-2517-T-27, 2010 U.S. Dist. LEXIS 133774, at *3-4 (Whittemore, J.).  Indeed, the bankruptcy court may dispose of all pretrial matters, and doing so "promote[s] judicial economy and efficiency." *Id*. at *4 (quoting *Sigma Micro Corp. v. Healthcentral.com*, 504 F.3d 775, 787-88 (9th Cir. 2007)).  *See In re Fundamental Long Term Care*, 2014 U.S. Dist LEXIS 125837, at *7 (finding bankruptcy court could handle all pretrial matters despite jury trial demand); *In re Gunnallen Financial Inc.*, No. 8:10-cv-2855-T-24, 2011 U.S. Dist. LEXIS 14997 (M.D. Fla. Feb. 3, 2011), at *11-12 (same); *In re Ausburn*,

No. 8:10-cv-2601-T-23, 2010 U.S. Dist. LEXIS 134536 (M.D. Fla. Dec. 10, 2010), at *5-6 (same). This factor does not, therefore, weigh in favor or withdrawing reference at this time.

Specialized next argues that the claims are non-core claims over which the bankruptcy court has no authority to enter a final judgment. As such, withdrawing reference would promote judicial economy and the use of the parties' resources.  The determination of whether a matter is core or non-core should initially be made by the bankruptcy court.  *In re Stone*, 2010 U.S. Dist. LEXIS 133774, at *4 (citing *In re Hvide Marine Inc.*, 248 B.R. 841, 845 n.5, (M.D. Fla. 2000)); *see also* 28 U.S.C. § 157(b)(3) ("The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under [T]itle 11.").

Further, Specialized's judicial economy and resources argument is unpersuasive because conducting pretrial matters in the same court as the debtor's estate "is a much more efficient use of judicial resources, as opposed to . . . pitting the case against the competing criminal and civil litigation demands of the district court's docket."  *In re Stone*, at *6.  Further, eventual *de novo* review does not extinguish the role of the bankruptcy court.  "If accepted, this kind of reductionist reasoning would result in the reference always being withdrawn from the Bankruptcy Court in the name of efficiency because of the omnipresent possibility of appeal." *In re Fundamental Long Term Care*, 2014 U.S. Dist. LEXIS 125837, at *6 (quoting *In re Tate*, No. 09-0039-WS-M, 2010 U.S. Dist. LEXIS 3675 (S.D. Ala. Jan. 19, 2010), at *10)). Accordingly, it is

**ORDERED** Defendant's Motions to Withdraw the Reference (Dkt. 1) is **DENIED without prejudice**.  Defendant may refile a similar motion once the case is ready for trial. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Tampa, Florida this  27th day of October, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Parties and Counsel of Record